PER CURIAM.
Employers A & S Building Company, Inc., Care Plus, Inc., Fine Fish Farms, Inc., Lithgow Funeral Homes, Inc., Plezall Wipers, Inc., and United Detective Bureau, Inc. [collectively A & S] appeal from orders of the Director of the Division of Unemployment Compensation [the Division] denying their appeals to decrease their 1986 unemployment tax rates. We affirm the Division’s orders based upon our finding that the tax rate formula set forth in section 443.131(3)(f), Florida Statutes (1985),[1] is not a “penalty” and, therefore, does not implicate constitutional considerations.
A & S contends that excluding from an employer’s annual tax computation rate the payrolls on which Florida unemployment tax is paid late represents a “penalty” which is not plainly stated by section 443.-131(3)(f), Florida Statutes (1985). We disagree. Such an exclusion may pose a hardship for the late-paying employer; however, the statutory prescription does not achieve constitutional dimensions. The legislature has established, in section 443.-131(3), a comprehensive scheme to encourage timely payment of unemployment tax *381 es. If we were to accept A & S’s logic, then those employers who timely pay their taxes would have to absorb the deficit caused by late tax payments. Thus, prompt taxpaying employers with good experience ratings would suffer the “penalty.” This outcome obviously contradicts the legislative intent manifested in section 443.131(3).
Moreover, we conclude that the exclusion of payrolls for which tax is paid late is not a “penalty.” The statute affords clear notice that those payrolls will be excluded in the computation of the employer’s tax rate. See Maine Employment Sec. Comm’n v. Charest, 158 Me. 43, 177 A.2d 654 (1962) (decreased rate of assessment upon employer by virtue of good experience rating is in nature of reward or bonus for prompt payment; imposition of full assessment upon employer for failure to make prompt payment does not constitute a “penalty.”).
The Division’s orders are, therefore,
AFFIRMED.

. Section 443.131(3) provides in relevant part:
(f) As used in subparagraph (b)2., the term "annual payroll” means the total amount of wages for insured employment paid by an employer during the 12-month period ending on September 30 of any calendar year with respect to which contributions have been paid on or before the date on which they became due and payable; and as used in subpara-graph (b)l., the term "annual payroll'' means the total amount of wages for insured employment paid by an employer during a period of four consecutive calendar quarters with respect to which contributions have been paid on or before the date on which they become due and payable. Provided, that where no contributions are payable for a calendar quarter, the term "annual payroll” as used in paragraph (b) includes only wages paid during such quarter with respect to which contribution and wage reports have been submitted to the division on or before the date on which they became due.